PENDLETON, President.
This is an action on the case, brought by the plaintiff, to recover 5531. sterling, for arrears of salary due to him as Professor of the Grammar School, in the College‘of William and Mary, on three counts of indebitatus assumpsit. The jury find a speci- - a! verdict, stating the College charter; the original statute for arranging the Schools, of which the Grammar School was one, and several subsequent statutes.
They find, that the plaintiff was regularly appointed Professor of that School, performed his duty and received the salary to December 25th, 1779.
The demand is for the amount of the salary from that time; and the defence is, that by the statute of December the 4th, 1779, the Grammar School was discontinued; which put an end to the duty and salary of the professor.
It is found in the proceedings referred to, that such a sta- • tute was really passed on that day, but was lost from the negligence of the Clerk to record it; and the proceedings found in 1782 and 1784, were to restore its form. It is supposed its force commenced from the time of passing it.
It is not found that the professor did any duty afterwards, but, that he was ready to have done it; from whence notice is presumable, as well as from his being a member of the corporate body, and bound to take notice of the statutes.
In October, 1787, Mr. Bracken applied to the General Court for a mandamus, to restore him to the office, which was adjourned into this Court for difficulty. In June,
1790, it was heard here, and continued over a term for consideration and to be re-heard.
*142 November, 1790. On a re-hearing, the mandamus was denied on the merits,* which, I believe, was inserted for two purposes. 1st. To shew the case had been fully entered into, as if the papers had been before us on the return of the mandamus. 2d. To meet an objection warm-ly insisted on, that the General Court had no power to intermeddle with the affairs of the College, upon the- JSn-< glish precedents, applying to private donations for Colleges; but which some of the Judges at least, of whom I was one, thought did not apply to our College, which had a public and not a private foundation : and to avoid a supposition, that the denial was on that ground, was one reason for placing it on the merits.
It is remembered, that the discussion was lengthy, both in Court and conference. - The detail is forgot, but it is well recollected, that the question turned upon the power of the Visitors to change the arrangements of Schools, made by the original statutes, and to discontinue the Grammar School. The charter and statutes were all he-fore us, and among others, that of December, 1779, which must have been allowed its full force, "since, there being no particular order for his amotion, the denial must have proceeded from the statute discontinuing the School and his office with it. But, if he had no right to the office, he could have none to the salary, the purpose of this writ; and, therefore, judgment was rightly given for the defendant.
Unanimously affirmed.

[* See post. 3 Vol. 573.]